Robinson, J.
The parties occupy the same position here as they did in the trial court and will be referred to as plaintiff and defendant.
The action is one for personal injury sustained by the plaintiff by being struct by the interurban car of the defendant, while she was crossing its tracts for the purpose of becoming a passenger upon the car which struct her.
The action is grounded upon negligence, and the issue is made by a denial of negligence and an averment that the injury, if any, was caused by the sole negligence of the plaintiff.
The issue of contributory negligence was raised by the evidence.
*109 Upon trial a verdict was returned and judgment rendered for plaintiff. Error was prosecuted to the court of appeals, where the judgment was reversed upon the ground “that the verdict of the jury in the case below was against the weight of the evidence.” A second trial was had, verdict for plaintiff again returned, and judgment for plaintiff entered. Error was again prosecuted to the court of appeals, where the judgment was reversed upon the ground that “the record shows contributory negligence of defendant in error as a matter of law.”
The record discloses that the plaintiff resided west of defendant’s track and near to stop 27; that at that point defendant did not receive and discharge passengers from its west side, but did receive and discharge passengers from its east side, and had constructed on the east side of its track a platform for that purpose, from the north end of which there was a path across the track, with a foot-bridge consisting of two railroad ties placed side by side across a ditch adjacent to the track, which was used by the patrons of the defendant residing in that vicinity on the west side of the track; that on the day in question plaintiff waited for the coming of the car at a store directly opposite the platform, and some thirty-five to forty feet west of the track; and that upon the approach of the car she left the store, proceeded easterly across the track, and, while so doing, was struck by the car and injured.
The accident occurred within the view of a number of persons, who were called as witnesses at the trial,' and their versions of the acts of the parties and their relative positions differed to such an extent that in arriving at a conclusion as to what each party prob *110 ably did, and where she or it did it, the evidence of each witness had to be considered in connection with the evidence of all the others and from the whole the actual situation ascertained. For instance, there was evidence tending to prove that the plaintiff signaled the defendant while she was upon the foot-bridge, which was immediately adjacent to the track, and that at that time the car was one hundred and twenty-five feet distant from her. There was evidence tending to prove that when she signaled the ear she was about to step upon the track and the car was distant but ten or fifteen feet from her. There was evidence tending to prove that the motorman saw her and realized that she desired to become a passenger when she was half way between the store and the track, and, therefore, that he knew she intended to cross the track and become a passenger, before she signaled to that effect. There was evidence tending to prove that the car was running from eighteen to twenty miles per hour, and while no direct evidence was introduced as to the distance required to stop the particular car traveling at that speed there was evidence tending to prove that at the distance of one hundred and twenty-five feet from the platform the motorman shut off the power, applied his brakes, put on the sand, and did not stop until he had traveled a distance of two hundred and thirty-five feet. And there was evidence fending to prove that he did not shut off the power, apply the brakes and put on the sand until the instant the oar struck plaintiff, and that he stopped the car in about fifty feet after it struck plaintiff.
In arriving at the probable truth it is the privilege of the trier to believe such witnesses as he considers *111 •worthy of belief and to disregard such as he considers unworthy of belief, and he may believe a part of a witness’s testimony and disbelieve another part. In arriving then at whether there was any phase of the evidence which would tend to prove the absence of negligence on the part of plaintiff, the court would be required to consider the evidence in its most favorable aspect toward the plaintiff, and in doing so consider the favorable evidence and disregard the unfavorable evidence. Measured by this rule there was evidence tending to prove that plaintiff signaled the car while it was one hundred and twenty-five feet away, when she was about to step upon the track; that the motorman knew she intended to become a passenger for the length of time it took her to travel half the distance between the store and the track, prior to her signal; and that he could have stopped the car in about fifty feet, because he testified he did stop it in about fifty feet after the car struck her and a witness testified he did not attempt to stop the car until it struck her. Would that state of facts make a case of contributory negligence as a matter of law?
It will at once be said that the above is not a fair statement of what the evidence tends to prove, that these witnesses at other times in this and other trials gave testimony inconsistent with the above version, and that from the whole evidence an entirely different situation is disclosed. All of which may be conceded. But how is that comprehensive and understanding view of the situation to be obtained? Necessarily by a weighing of the evidence, as the jury were in duty bound to do. The court of appeals did this upon their first review, and, having done it, ar *112 rived at a different eonclnsion from the conclusion of the jury. Having once reversed upon the weight of the evidence, it exhausted its power in that respect, by reason of Section 11577, General Code. Mahoning Valley Ry. Co. v. Santoro, Admr., 93 Ohio St., 53, and Nyiry v. Modern Brotherhood of America, 97 Ohio St., 313.
In this case, upon this record, the court could not determine whether the plaintiff was guilty of contributory negligence without considering the evidence as a whole, or at least a considerable portion of it. The fact, then, of the existence or nonexistence of contributory negligence, was not capable of being determined as a matter of law; but was determinable as a matter of fact by a trier of facts, and could well have been the controlling fact upon which the first reversal was based.
Section 11577, General Code, does not contemplate one reversal upon the weight of the evidence for esach branch of a case. Such reversals are usually based upon the weight of the evidence as to a particular element as distinguished from every element of the case.
The judgment of the court of appeals will therefore be reversed, and that of the court of common pleas will be affirmed.

Judgment reversed.

Wanamaker, Matthias, Day and Allen, JJ., concur.